SARAH T. ROLLINS *vs.* OWEN E. BLACKDEN.

Penobscot.    Opinion April 30, 1904.

*Real Action.    Damages.    Easement* in water determinable.    *Deed,* notice.

On a hearing ordered for the assessment of damages for rents and profits in a real action, after judgment rendered in favor of demandant for the premises, the demandant can recover only such damages as are actually proved, regardless of the state of the pleadings in defense.

By means of an aqueduct defendant had drawn water to his own premises from a well on the demandant's premises.  He had also supplied water thus taken to other parties.

The demandant obtained her title to the premises by a deed which contained the following covenant: "That they (the demanded premises) are free from all incumbrances except surplus water from well beside road conveyed to L. D. Hayes and the right to maintain his aqueduct."  This language shows that demandant took title with actual notice of a prior grant of the water right to Hayes, the predecessor in title of the defendant.  Although the deed to defendant's predecessor granting the right to take the water was not recorded until after demandant took her deed, the language above quoted shows that she took the title with actual notice of the prior grant of the water right.

The grant to defendant's predecessor to take water from the well in question contained the following reservation:  "Whenever the lot on which said well is situated shall become the property of any party other than myself, then all rights hereby conveyed shall cease to this extent, viz:  Whoever may occupy said lot shall have the preference of the water of said well for all purposes whatsoever useful for the accommodation of said lot, or of any buildings that may be placed thereon, and said grantee his heirs and assigns, shall have only the right to said water so far as not needed for said lot and buildings."

*Held;* that the grantee's right to take water from the well was determinable, as to so much of the water as might be needed for the lot on which the well was situated and the buildings thereon, whenever the lot should become the property of another than the grantor of the water right.

*Also;* that until the lot should become the property of another than the grantor of the water right, and afterward even, until the water should be needed for the lot and buildings, and always as to so much of the water as

should not be so needed, that is to say, the "surplus water," the grant was absolute.

*Held also;* that demandant had the first right to so much water as was useful and needed for the lot and buildings, but to only so much.

*Also;* it cannot be said that demandant has sustained damages unless she has been deprived by the defendant of her right or preference, or of water which she needed for the lot and buildings.

It is not shown that the demandant has ever sought to exercise any preference in use of water; nor is it shown that she ever needed any water for the use of the lot and buildings. In fact, no buildings have ever been erected or placed upon the lot.

What demandant's rights would be in case she needed the water for use of the lot and buildings thereon, is not decided.

There can be no damages for taking or use of water from a well unless, at the time of the taking, the party seeking to recover had some beneficial interest or right in the water taken.

On report. Judgment for demandant without damages for rents and profits.

This was a real action brought to recover a lot of land in Dexter Village, entered at the January term, 1901, writ bearing date Dec. 5, 1900. Within the first two days of the return term, the defendant filed a special plea of disclaimer, but claiming a right to draw water from a well on the demanded premises, and to take it by pipe or aqueduct across said premises to the defendant's hotel about 40 rods below. At the October term of the court, 1901, the defendant asked leave to amend his special plea, which, after argument, was allowed by the court, and the defendant filed an amended plea claiming a portion of the demanded premises, and the right to draw water from a well on said premises, and to take it by pipe or aqueduct across the same to the defendant's hotel below.

The demandant thereupon filed a motion to reject the plea as amended, as being insufficient and defective in both form and substance.

This motion was sustained, plea held bad and rejected. The defendant then moved for leave to plead the general issue of nul disseizin, which was not granted by the court; and judgment was entered for the demandant. Exceptions were then taken by the defendant to the rulings of the court rejecting the plea, and refusing

leave to allow the general issue to be pleaded, which exceptions were duly entered in the law court at its June term, 1902, and overruled by the court, with an order that the damages be assessed at nisi prius; and the evidence for that purpose was heard by the presiding justice, and, by consent of parties, was reported to the full court. At this hearing the defendant claimed the right, for the purpose of reducing the damages, to offer evidence of a prescriptive right to draw water from the well on the demanded premises and to take the water through a pipe or aqueduct across said premises for the use of his hotel below, and for other purposes. To all such evidence the demandant objected, and claimed that the defendant was concluded from offering it by the pleadings and judgment already entered in the case. She also claimed that no such prescriptive right, in fact, was ever acquired by the defendant. The presiding judge admitted the evidence de bene esse, and the evidence in rebuttal offered by the demandant, and reported the same to the full court, who were to determine the admissibility and effect of the evidence offered on both sides, and render such judgment as shall be in accordance with the legal rights of the parties.

The demandant introduced in evidence deed from Nathaniel and Adaline Bryant to herself of the premises on which the well in controversy is situate, bearing date May 4, 1882, and recorded May 11, 1882. Also deed from Adaline Bryant to Loren D. Hayes, bearing date May 14, 1881, recorded May 19, 1881; also notice to said defendant before suit brought, to remove the pipes and aqueducts from her well and premises, bearing date Oct. 27, 1900; also the writ, pleadings and proceedings, and record, in the suit, previous to this hearing in damages.

The defendant offered in evidence deed from D. D. Flynt to O. E. Blackden, bearing date Oct. 12, 1897, recorded Oct. 15, 1897; also deed from Hattie H. Holmes to Lizzie S. Hayes, dated Sept. 29, 1885, and deed from Frank H. Hayes to Owen E. Blackden, dated Nov. 5, 1900.

*D. D. Stewart*, for plaintiff.

*L. C. Stearns and F. D. Dearth*, for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, SPEAR, JJ.

WISWELL, C. J.   Real action.   After judgment was ordered for the demandant, a hearing was had on the assessment of damages for rents and profits, and the case now comes before us on a report of the evidence.   The evidence tends to show that for several years prior to the commencement of the action the defendant had drawn water from a well on the demanded premises through an aqueduct to his own premises, and that he had supplied water thus taken to other parties.   The defendant claimed that he had a lawful right to take the water from the demandant's well, a right which originated, at least, by prescription.

Several questions have been argued, but it is necessary to consider only one.   In any event, the demandant can recover only such damages as she has proved.   Whatever may be the right of the defendant to set up a right to the water, or to an easement in the demanded premises by which he could lawfully draw the water, it is, at least, his privilege to deny that the demandant had any right to the water taken by him, or that she has been damaged.   And this is what the defendant denies here.   We think it requires no argument to show that the demandant has suffered no damages from the taking and use of the water from the well by the defendant, unless at the time of the taking she had some beneficial right or interest in the water, which was interfered with by the defendant.

The case shows that the demandant obtained her title to the demanded premises from Nathaniel Bryant and Adaline Bryant by deed dated May 4, 1882.   Among the covenants in that deed is the following: "that they (the demanded premises) are free from all incumbrances except surplus water from well beside road conveyed to L. D. Hayes and the right to maintain his aqueduct."   It further appears that on May 14, 1881, Adaline Bryant had conveyed by deed to L. D. Hayes "the right to draw water by an aqueduct" from the well in question for all purposes, "with the right to convey the same on the southerly side of said road, but within the limits of the road as far as my land extends westerly, with right of ingress and

egress for the purpose of repairing said well or aqueduct." This deed contained the following reservation: "Whenever the lot on which said well is situated shall become the property of any party other than myself, then all rights hereby conveyed shall cease to this extent, viz: whoever may occupy said lot shall have the preference of the water of said well for all purposes whatsoever useful for the accommodation of said lot, or of any buildings that may be placed thereon, and said grantee, his heirs and assigns, shall have only the right to said water so far as not needed for said lot and buildings."

This grant of the right to draw water from the well was determinable as to so much of the water as might be needed for the lot on which the well was situated and the buildings thereon, whenever the lot should become the property of another than the grantor of the water right; but until the lot should become the property of another, and afterwards until the water should be needed for the lot and buildings, and always as to so much of the water as should not be so needed, that is to say, the "surplus water," the grant was absolute.

This latter deed was not recorded until after the demandant took her deed, but the language we have quoted from her deed shows that she took title with actual notice of the prior grant of the water right to Hayes. The "surplus water" which had been conveyed to Hayes was expressly mentioned and excepted from the covenant against incumbrances. The demandant therefore took her deed subject to the right created by the deed of Bryant to Hayes. *McLaughlin* v. *Shepherd,* 32 Maine, 143, 52 Am. Dec. 646; *Rich* v. *Roberts,* 48 Maine, 548. She did not acquire an absolute right to the water from the well, but only "to have the preference of the water of said well for all purposes whatsoever useful for the accommodation of said lot or any buildings that may be placed thereon." Assuming that her rights remain as they were when she took her deed, it must be held that she had the first right to so much water as was useful and needed for the lot and buildings, but to only so much. Only in case she has been deprived by the defendant of her right of preference, or of any water that was needed for the lot and buildings, can it be said that she has sustained damages. It is not shown that the demandant has ever sought to exercise any prefer-

ence, in the use of water, nor that she has ever needed any of the water for the use of the lot and buildings. In fact, no buildings have ever been erected or placed upon the lot. What her rights would be in case she needed the water for the use of the lot and buildings thereon, we do not decide.

The demandant will have judgment for the demanded premises, but is not entitled to damages for rents and profits.

*Judgment accordingly.*